VICTOR MARRERO, United States District Judge.
Defendant Vincent Esposito ("Esposito") is charged with participating in a racketeering conspiracy (Count I) and an extortion conspiracy (Count II) related to his activities as an alleged member of a criminal enterprise known as the "Genovese Family," a criminal organization that the Government charges has long been associated with the mafia in New York City. (See"Indictment," Dkt. No. 5.)
As a condition of Esposito's pretrial release, the Court previously imposed a requirement that he pay for an armed guard to be stationed outside his home twenty-four hours per day. (See"Bail Order," Dkt. No. 6 0.) On October 17, 2018, Esposito requested reconsideration of the 24-hour armed guard condition attached to his pretrial release. ("Motion for Reconsideration," Dkt. No. 110.) The Government opposed Esposito's request. (See"Government Opp'n," Dkt. No. 114.) For the reasons set forth below, the Motion for Reconsideration is denied.
I. BACKGROUND
A. BAIL DETERMINATION [1]
On January 10, 2018, Magistrate Judge Barbara Moses held a bail hearing for Esposito following his arraignment on the underlying charges. (See Dkt. No. 12.) During the hearing, the Government sought pretrial detention of Esposito, arguing that he poses a danger to the community and a risk of flight. (See"January 10 Transcript," Dkt. No. 24, at 32-43.) In turn, Esposito sought pretrial release, arguing that he poses neither a danger to *356 the community nor a risk of flight. (See id. at 43-46.)
Magistrate Judge Moses concluded that Esposito poses some risk of flight and a danger of witness tampering or intimidation. She therefore imposed a set of conditions on Esposito's release (see id. at 53-54), which the Government appealed (see"January 17 Letter," Dkt. No. 22). While the Government's appeal relied largely on the same arguments it presented at the bail hearing, it offered several additional facts. (See id. at 3-6.) Esposito opposed the Government's appeal and, like the Government, offered several additional facts and arguments. (See"January 25 Letter," Dkt. No. 69, at 5-7.)
The Court held multiple hearings (see"January 26 Transcript," Dkt. No. 44; "March 2 Transcript," Dkt. No. 54; "March 23 Transcript," Dkt. No. 62) and considered multiple letter exchanges (see"February 27 Letter," Dkt. No. 50; "March 1 Letter," Dkt. No. 51; "Esposito's March 9 Letter," Dkt. No. 70; "Government's March 9 Letter," Dkt. No. 53) regarding Esposito's bail conditions. In this connection, the Court considered various proposals for Esposito's pretrial release, including the installation of a video monitoring system and the stationing of an armed guard at his home. Throughout these interactions with the Court, the Government argued that video monitoring would not sufficiently mitigate the risk that Esposito could escape. (See, e.g., March 2 Transcript at 3 8-39.) Meanwhile, Esposito objected to the armed guard requirement, arguing that it would be both "prohibitively expensive" and "unnecessary." (See, e.g., Esposito's March 9 Letter at 1.)
On March 23, 2018, the Court set a trial date of September 24, 2018. (See March 23 Transcript at 11.) The Court also denied the Government's appeal to the extent it sought Esposito's detention until trial, but granted the appeal to the extent the Government sought stricter bail conditions than those imposed by Magistrate Judge Moses. Most notably as it relates to the present motion, the Court imposed a requirement that an armed guard be stationed outside Esposito's home twenty-four hours per day and that Esposito pay for the associated cost. (See id. at 18; Bail Order; "April 18 Decision and Order," Dkt. No. 71.)
Esposito appealed the April 18 Decision and Order to the United States Court of Appeals for the Second Circuit, specifically challenging the 24-hour armed guard requirement. (See Dkt. No. 61.) On June 22, 2018, while Esposito's appeal was pending, the Court held a status conference during which it considered the parties' request to reschedule the trial. (See"June 22 Transcript," Dkt. No. 93.) Counsel for Esposito explained that he could not "be ready for a September trial date" due to the voluminous nature of discovery in the case. (Id. at 5-6.) The parties therefore jointly requested a trial date in June 2019.
During that conference, the Court specifically noted that "one of the considerations that the Court weighed in setting the trial date as it did to commence [on September 24, 2018] was the issue relating to Mr. Esposito's bail conditions." (Id. at 3.) The Court explained the issue further:
Any substantial adjournment of the trial is going to create greater effects on Mr. Esposito's obligations under the bail conditions. So I would want to make sure that adjournment for the length of time is not going to create and effect the sword by which Mr. Esposito will then object that the trial has been adjourned to a point where it creates a greater hardship on him.
(Id. (emphasis added).) When asked about the impact that rescheduling the trial might have on the armed guard requirement, *357 counsel for Esposito reiterated his preference for a later trial date:
Obviously[,] Mr. Esposito having a trial date in June is going to cost him additional money because he has a guard that's with him day and night. But if the choice is between spending the money on the guard through June or being unprepared for trial, I can tell you that we're going to take the later trial date so that we can be better prepared for the case.
(Id. at 6-7.) When the Court specifically discussed the possibility that Esposito might oppose the bail conditions based on the trial's adjournment, counsel for Esposito stated that he "may or may not" raise such an objection and "being prepared for trial [is] more important than the money that Mr. Esposito is going to have spend on guards.... We're not pleased with the extra money he has to spend, but we'd necessarily need that extra time to prepare for trial." (Id. at 7.) The Court ultimately decided to grant the parties' request for an adjournment of the trial until June 17, 2019. (See id. at 8.)
On September 11, 2018, the Second Circuit affirmed the Court's April 18 Decision and Order. (See Dkt. No. 106.) However, the Second Circuit left it to the Court "to determine what impact, if any, the adjournment of the trial date has on the appropriateness of the armed guard condition." United States v. Esposito, No. 18-923-CR, 749 Fed.Appx. 20, 25, 2018 WL 4344332, at *4 (2d Cir. Sept. 11, 2018).
B. MOTION FOR RECONSIDERATION
On October 17, 2018, Esposito submitted a letter requesting reconsideration of the 24-hour armed guard requirement based primarily on the changed circumstance relating to the trial date. (See Motion for Reconsideration at 1-2.) But Esposito makes additional arguments in favor of reconsideration. First, he contends that his "impeccable record" of compliance with his pretrial release conditions means that he is not a flight risk. (Id. at 2-3.) Second, Esposito argues that the Government's previously-stated qualm with video monitoring -- namely, that the FBI and Pretrial Services cannot respond instantly and at all times to alerts -- has been disproven by two interceding experiences: Pretrial Services has called to check up on Esposito only twice, and those calls took place on weekends and immediately after technical glitches with the monitoring equipment. (See id. at 4.) Finally, Esposito argues that there has been no remote monitoring of the court-ordered video system that was installed at Esposito's home. (See id. at 4-5.) According to Esposito, these developments demonstrate that "the [armed] guard requirement is plainly unnecessary to 'reasonably assure' Esposito's 'appearance.' " (Id. at 5-6 (quoting 18 U.S.C. § 3142(c)(1) ).)
On October 24, 2018, the Government submitted a letter opposing Esposito's Motion for Reconsideration. (See Government Opp'n.) In support of maintaining the armed guard requirement, the Government makes three points. First, it notes that the Court previously expressed concerns about whether Esposito would use the adjournment of trial as a basis for relitigating the armed guard requirement. (Id. at 1.) Second, the Government contends that the Second Circuit's decision provides further support for the conclusion that Esposito presents a flight risk: "Esposito's considerable wealth and apparent attempts to conceal it from Pre-Trial Services are significant reasons Esposito presents a flight risk." (Id. (quoting Esposito, 749 Fed.Appx. at 24, 2018 WL 4344332, at *3 ).) Finally, the Government argues that Esposito has "failed to identify any material change in circumstances that would warrant removing the armed guard *358 condition." (Id. at 2.) Specifically, the Government notes that Esposito waited four months after the adjournment of trial to file the Motion for Reconsideration. The Government also contends that the armed guard requirement has been effective, as demonstrated by the fact that Esposito has made no attempt to flee. Lastly, the Government argues that the lack of video monitoring is consistent with the Government's previously-expressed position that video monitoring is insufficient to safeguard against Esposito's flight because of the delay between notification and response. (See id. at 2.) In a footnote, the Government states that it attempted to access the remote video monitoring application but encountered technical compatibility problems. (See id. at 3 n.1.)
On October 25, 2018, Esposito submitted a letter in reply to the Government's Opposition. ("Esposito Reply," Dkt. No. 115.) According to Esposito, the Motion for Reconsideration is based on multiple changed circumstances, including -- but not limited to -- the "lengthy postponement of the trial date." (Id. at 1.) Furthermore, Esposito argues that defense counsel "expressly reserved the right to seek reconsideration if the mix of circumstances materially changed," as Esposito maintains it now has. (Id. at 2.) Given the Government's statement that it never advocated for video monitoring, Esposito requests that the video monitoring condition be lifted. (See id. at 4.) Finally, Esposito argues that the Government's proclaimed "compatibility problems" are "misleading and incomplete" because the video monitoring system is universally compatible. (Id. at 4-6.)
On December 4, 2018, Esposito supplemented his prior submissions with a letter claiming that Pretrial Services Officer Joshua Rothman advised Esposito that "the agency (a) has always felt guards unwarranted in this case and (b) still does not think them necessary after eight months of uneventful supervision." ("Esposito's December 4 Letter," Dkt. No. 121.) On the same day, the Government responded to Esposito's supplemental letter and stated that Officer Rothman informed the Government that "the pretrial services office never takes a position on whether armed guards are an appropriate condition of pretrial release because it is not a condition that pretrial services is able to enforce." ("Government's December 4 Letter," Dkt. No. 119.) According to the Government, Officer Rothman therefore "neither opposes nor recommends the armed guard condition as to Vincent Esposito." (Id. )
II. LEGAL STANDARD
A determination of bail conditions "may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B) ; see also United States v. Rodriguez, No. 15 MJ 02956, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) ("[T]he hearing can be reopened if the court finds that information exists that was not known to the defendant at the time of the hearing and that has a material bearing on the issue that was decided."). However, "[a] bail hearing should not be reopened on the basis of information that was available to the defendant at the time of the hearing." United States v. Lewis, No. 16 CR 0212, 2016 WL 6902198, at *2 (S.D.N.Y. Nov. 16, 2016) (citing United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) ). Other courts in the Second Circuit have found that "[n]ew and material information for Section 3142(f) (2) (B) purposes consists of something other than a defendant's *359 own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." United States v. Quinones, No. 13 CR 83S, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016) (quoting United States v. Jerdine, No. 08 CR 0481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) ).
III. DISCUSSION
Esposito essentially argues that there are two bases for reconsideration of the Court's prior bail determination: (1) adjournment of the trial date; and (2) his record of compliance (to date) with all bail conditions. Separately, Esposito requests that the Court lift the video monitoring requirement.
A. ADJOURNMENT OF THE TRIAL DATE
Esposito argues that "the necessary ballooning of trial preparation time to 15 months from six" is a changed circumstance warranting reconsideration of the 24-hour armed guard requirement. (Motion for Reconsideration at 2.)
The first question is whether the adjournment of the trial date constitutes "information ... that was not known to the movant at the time of the [bail] hearing." 18 U.S.C. § 3142(f)(2)(B). While Esposito acknowledges that the trial adjournment was "extended by joint request," the crux of his argument seems to be that the adjournment was required "to permit necessary preparation." (Esposito Reply at 1.) At the time of the bail hearing, however, there existed at least some indication that Esposito was on notice that the September 24, 2018 trial date was unachievable. At the January 26, 2018 conference, for example, the Government stated that "[t]he discovery in this case is going to be voluminous; we've asked for one terabyte drives from defense [counsel] so that we can adequately make our productions to them." (January 26 Transcript at 4.) At the March 23, 2018 conference, the Government again described the large amount of discovery: "There's also a significant amount of discovery that was produced in this case, but even more discovery that we're still getting ready to produce." (March 23 Transcript at 4.) In fact, the Government acknowledged that it did not "know if anybody would be ready to try this case in three to six months from now." (Id. ) When the original trial date was set, Esposito was therefore aware -- or should reasonably have been aware -- that an adjournment of the trial date was likely given the voluminous nature of discovery in this case. As a result, the Court finds that the adjournment of the trial date does not constitute new information warranting reconsideration of the 24-hour armed guard requirement.
Even if the Court were to conclude that the trial's adjournment was "not known" at the time of the hearing, the Court would nevertheless find that the adjournment does not warrant reconsideration of the armed guard requirement. For the sake of argument, if the Court were to find that the adjournment constitutes new information, then the question would be whether the adjournment of the trial date from September 2018 to June 2019 "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required." 18 U.S.C. § 3142(f)(2)(B). The Court finds that the adjournment does not have such a material bearing.
Neither of the cases to which Esposito cites in support of his argument convinces the Court that the adjournment of trial has a "material bearing" on the conditions of Esposito's pretrial release. The first case, *360 United States v. Lewis, 16 CR 0212, 2016 WL 6902198 (S.D.N.Y. Nov. 16, 2016), is inapposite. The Lewis Court denied the defendant's motion to vacate because "[t] he vast bulk of the material now put forward by [defendant] was fully available to him at the time of the hearings." Id. at *2. As discussed above, the Court finds that the likelihood of an adjournment of the trial date in this case was information known to Esposito at the time of the bail hearing. In the second case, United States v. Jones, this Court held that new evidence -- consisting of documentary evidence that contradicted the grand jury testimony of a government witness -- warranted reconsideration and the granting of bail. 583 F.Supp.2d 513, 515-17 (S.D.N.Y. 2008). Unlike the circumstances raised in Jones, here the Court is not presented with new or previously-unknown evidence that warrants reconsideration of Esposito's bail conditions.
The Court previously found that "Esposito poses ... a risk of flight" but that the risk of flight "can be reasonably mitigated by the bail conditions set forth in the Bail Order." (April 18 Decision and Order at 15.) The Court specifically found that the 24-hour armed guard requirement was necessary to mitigate the risk of flight:
Given Esposito's extensive resources and his alleged network of criminal associates, if Esposito chose to flee, he would likely have the means to functionally disappear before law enforcement agents could respond to a call that he was caught doing so by a video surveillance system. Accordingly, the Court is persuaded that the presence of an armed guard who can prevent such attempts of flight in real-time is necessary to provide reasonable assurances that Esposito will not flee.
(Id. at 18-19.) The adjournment of the trial date does not alter the Court's prior conclusion because the adjournment does not affect Esposito's "extensive resources" or his "alleged network of criminal associates." (Id. ) Furthermore, the Court finds that the Second Circuit's decision in this case provides additional support for the Court's conclusion that Esposito presents a flight risk. See Esposito, 749 Fed.Appx. at 23-24, 2018 WL 4344332, at *3 ("Esposito's considerable wealth and apparent attempts to conceal it from Pre-Trial Services are significant reasons Esposito presents a flight risk."). Thus, even if the adjournment of the trial date were to constitute new information warranting reconsideration, the Court would nevertheless deny the Motion for Reconsideration because the trial's adjournment does not have a "material bearing" on "whether there are conditions of release that will reasonably assure the appearance of [the defendant]." 18 U.S.C. § 3142(f) (2) (B).
In light of the above, the Court denies Esposito's motion for reconsideration of the 24-hour armed guard requirement on the basis of the adjournment of the trial date.
B. ESPOSITO'S RECORD OF COMPLIANCE
Esposito's second argument is that his "impeccable record" of compliance with the conditions of his pretrial release constitutes a changed circumstance. (Motion for Reconsideration at 2-3.) According to Esposito, this circumstance demonstrates that the armed guard requirement is unnecessary to assure his continued appearance. (Id. at 5.) According to the Government, however, Esposito's record of compliance is merely evidence that the armed guard requirement has achieved its intended outcome -- preventing Esposito from fleeing. (See Government Opp'n at 2.)
Again, the first question is whether Esposito's record of compliance with the conditions of his pretrial release constitutes *361 "information ... that was not known to the movant at the time of the [bail] hearing." 18 U.S.C. § 3142(f)(2)(B). The Court finds that it does not. Courts have found that "[n]ew and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character." Quinones, 2016 WL 1694998, at *1 (emphasis added). Esposito's conclusion that his record of compliance constitutes evidence of his intent not to flee is his "own evaluation of his character" and thus not a basis for reconsideration.
Because the Court finds that Esposito's record of compliance with the conditions of his pretrial release does not constitute new information, the Court concludes that his record of compliance does not warrant reconsideration of the 24-hour armed guard requirement. Accordingly, the Court denies Esposito's motion for reconsideration of the 24-hour armed guard requirement based on his record of compliance with the conditions of his pretrial release.
C. LIFTING THE VIDEO MONITORING CONDITION
The final issue before the Court is Esposito's request that the video monitoring condition be lifted, given the Government's statement that it never advocated for video monitoring in the first instance. (See Esposito Reply at 4.)
When the Court first considered the Government's appeal of Magistrate Judge Moses's bail determination, it found that a bail package could be developed to allow for Esposito's pretrial release. (See March 2 Transcript at 50.) The Court directed the parties to confer in good faith and attempt to agree on terms for Esposito's pretrial release. (See id. at 52.) At that stage of the proceedings, Esposito argued in favor of installing a live-feed video monitoring system in his home and hiring a Government-approved security company to monitor that system and alert local and federal law enforcement if Esposito were to attempt an escape or otherwise violate his conditions of release. (See Esposito's March 9 Letter at 3.) At that stage of the proceedings, the Government argued that video monitoring would not adequately mitigate Esposito's risk of flight. (See Government's March 9 Letter at 1.)
At the March 23, 2018 conference, the Court directed the parties to confer and to submit a proposed order setting forth the conditions of Esposito's pretrial release, including the requirement for an armed guard. (See March 23 Transcript at 18.) Subsequently, on March 30, 2018, the Court received a letter from Esposito's counsel setting forth the conditions of Esposito's release, including the "[i]nstallation of a video monitoring system at the defendant's residence" and the stationing of an armed guard, which the Court so ordered on April 3, 2018. (See Bail Order at 2.) The Bail Order reflected the pretrial release conditions that had been agreed upon by both parties. It would seem, then, that Esposito's request that the Court lift the video monitoring condition is simply a reversal of his prior agreement to that requirement.
Nonetheless, if in fact the video monitoring system has not been in operation, either entirely or in part, or the remote video monitoring application has not been accessed by the Government on account of the technical compatibility issues to which the Government has pointed, the requirement may be unnecessary while adding to Esposito's financial obligation. The Court therefore directs the Government to advise whether, under these circumstances, maintaining this condition in place remains warranted.
IV. ORDER
For the reasons stated above, it is hereby *362 ORDERED that the motion of defendant Vincent Esposito ("Esposito") for reconsideration of his pretrial release condition requiring a 24-hour armed guard outside his home (Dkt. No. 110) is DENIED; and it is further
ORDERED that the Government inform the Court, within five days of the date of this Order, whether the video monitoring system installed as a condition of Esposito's pretrial release has been in effective operation, whether the Government has accessed the remote video monitoring application, and whether the video monitoring system should be removed as a requirement of Esposito's pretrial release.
SO ORDERED.

The Court assumes familiarity with the factual and procedural developments related to Esposito's bail conditions, which are set forth in greater detail at United States v. Esposito, 309 F.Supp.3d 24, 26-30 (S.D.N.Y. 2018). Here, the Court addresses the relevant background only briefly.